UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACLYN LEMELIN, <br><br> Defendant. | Criminal Case No. 18-mj-3168 |

MEMORANDUM AND ORDER DENYING THE
GOVERNMENT'S DETENTION MOTION AS TO JACLYN LEMELIN
(Dkt. No. 7)

Defendant Jaclyn Lemelin (Lemelin) is charged by complaint with conspiracy to commit sex trafficking and conspiracy to violate the prohibition against interstate travel to promote an unlawful activity (prostitution). She is alleged to have participated in a sex trafficking organization headed by one William Coleman (Coleman), involving an unknown number of other women. Three women, Shannon Roberts (Roberts), Lemelin, and Virginia Maldonado (Maldonado), have been arrested. The government has moved for pretrial detention as to Lemelin and Maldonado. Roberts is released pending trial on conditions with the government's assent. The court has signed an arrest warrant for Coleman. As of the date of this order, he is a fugitive from justice. On December 10, 2018, the court held an evidentiary hearing as to Lemelin and Maldonado and, at the conclusion of the hearing, took the government's detention motions under advisement as to these defendants.

1

According to the complaint and other evidence, the government contends that Lemelin participated in the conspiracy to engage in sex trafficking by force, fraud or coercion by renting vehicles Coleman and the women used to travel to prostitution dates and that Coleman paid Lemelin to hit women under his control when they acted in ways of which he did not approve. According to Lemelin's statement and other evidence, this happened on two occasions.  The government has invoked the presumption of detention set forth in18 U.S.C. § 3142(e)(3)(D), which provides for a rebuttable presumption of pretrial detention when there is probable cause to believe the defendant committed an offense under chapter 77 of Title 18 of the United States Code which carries a maximum term of imprisonment of twenty years or more.  A violation of 18 U.S.C. §1591 carries a penalty of imprisonment for any term of years not less than fifteen and up to life.  See 18 U.S.C. § 1591(b).

"Once triggered, the presumption imposes on the defendant a burden of production." *United States v. Muniz-Alvarez*, CRIMINAL NO. 15-739 (PAD), 2015 WL 8770039, at *1 (D.P.R. Dec. 14, 2015) (citing *United States v. O'Brien*, 895 F.2d 810, 814-15 (1st Cir. 1990)). The burden of rebutting the presumption, which retains evidentiary weight even if rebutted, is not heavy.  *Id.*  The government always retains the burden of persuasion throughout in presumption and non-presumption cases, *id.* (citing *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010)), on the questions of risk of nonappearance and danger to another and the community.  *See, e.g., United States v. Gray*, 529 F. Supp. 2d 177, 180 (D. Mass. 2007).  The government must meet its burden by a preponderance of the evidence as to risk of flight, and by clear and convincing evidence as to danger.  *See id.*  Further, the Bail Reform Act authorizes pretrial detention in cases that involve a serious risk that the defendant will threaten, injure, or intimidate a prospective witness or juror.  18 U.S.C. § 3142(f)(2).  "The meaning of clear and

convincing evidence does not imply that the judge be 'plumb sure' that there is no set of conditions that will protect the public, but the judge should be 'pretty sure.'" *Id.* (quoting *United States v. Gray*, 651 F. Supp. 432 (W.D. Ark. 1987), *aff'd* 855 F.2d 858 (8th Cir.), *cert. denied*, 488 U.S. 866 (1988). "[B]ecause of the interference of pre-trial detention with the 'importan[t] and fundamental right' of liberty, *United States v. Salerno*, 481 U.S. 739, 750 . . . (1987), this [c]ourt will not make such a finding lightly." *Id.* "'Undoubtedly, the safety of the community can be reasonably assured without being absolutely guaranteed[.]'" *United States v. Simone*, 317 F. Supp. 2d 38, 42 (D. Mass. 2004) (quoting *United States v. Tortora*, 922 F.2d 880, 84 (1st Cir. 1990)). "[C]ourts cannot demand more than an 'objectively reasonable assurance of community safety.'" *Id.* (quoting *Tortora*, 922 F.2d at 884 (quoting *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985) (en banc)).

The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g), and include the nature and circumstance of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

The information about Lemelin's history and personal circumstances comes primarily from the pretrial services report, supplemented by information from her attorney. Lemelin, aged 33, has lived in western Massachusetts for most of her life. She spent the years between 2006 and 2010 in Texas with family. She has strong family ties in western Massachusetts, including her father and her mother, who is now caring for Lemelin's three sons, ages 3, 6 and 11, as well

as a brother, an aunt and her grandmother.  She does not have a stable residential record and has been homeless in the recent past.  Lemelin does not have a passport and has not traveled outside of the country in the last fourteen years.  She has some history of employment with a real estate agency and in retail.  She reported that she currently works as a personal care attendant for her grandmother and has had this job for some three years.  In her interview with law enforcement, she reported periodically earning money by prostitution when she could not otherwise support herself and her three children.  The pretrial services report indicates that Lemelin reported using heroin daily for the past two months and recent use of marijuana and cocaine.

     Lemelin is charged with participating in a conspiracy to live on the earnings of women who were coerced to engage in prostitution for money.  The principle target of the investigation that resulted in Lemelin's arrest is Coleman, who allegedly recruited and marketed the services of a number of women including Lemelin, generally controlling them by providing or withholding narcotics.  The government's evidence shows that Lemelin was engaged in prostitution on her own, but not, prior to her connection to Coleman, in the exploitation of other women similarly engaged.  Further, the evidence showed that Lemelin's participation in the enterprise was limited to a period of approximately two months, September through October 2018.  There is evidence, in the form of texts and admissions by Lemelin, that she hit two women – Destiny Klein and Shannon Roberts – at the instigation of Coleman, who paid her to do so.  The evidence appears to show that Lemelin engaged in this assaultive conduct (at Coleman's direction) on two separate occasions.  There is also evidence Coleman paid Lemelin to rent cars for him in her name.  There was no evidence that Lemelin distributed drugs to women under Coleman's control or collected money from them to remit to Coleman.  Her entire criminal history consists of a 2005 state district court charge of assault and battery in 2005, which was

continued without a finding and dismissed, and a 2011 state district court charge of malicious destruction of property, which was continued without a finding and dismissed.

     Notwithstanding the presumption, *see* 18 U.S.C. § 3142(e)(3), based on the evidence about the role Lemelin played in the alleged conspiracy, which was limited in time, and taking into consideration the recommendations as to conditions for pretrial release from the Probation Office, the court concludes that are conditions of supervised release that will reasonably ensure the safety of other persons and the community and Lemelin's future appearances in court if she is released pending trial. The government contends that there is a serious risk that the defendant will flee and points to the minimum mandatory sentence as providing a strong incentive to flee. On the other side of the scale and weighing against a finding of likely flight or nonappearance if appropriate conditions are imposed, Lemelin has three children for whom she has cared in difficult circumstances and many other family ties in this area. Although she reported living in Texas some eight to nine years ago, there is no evidence that she has ties to Texas at this time. She has no financial resources. It is unlikely that she could flee with three young children in tow and her history and statements made during her interview show that it is unlikely that she would abandon them.

     The court concludes that the government has also failed to prove by clear and convincing evidence that there are no conditions of pretrial release that can reasonably ensure the safety of another and the community if Lemelin is released pending trial. Lemelin's involvement with Coleman's alleged enterprise was of short duration and borne of vulnerability created by financial need. In contrast to Roberts, whom the government has agreed to release pending trial, there is no evidence that Lemelin participated in distributing drugs to other women controlled by Coleman or collected earnings from them and remitted the earnings to Coleman. There is no

evidence that she has exploited or trafficked, or attempted to exploit or traffic, other women outside of the setting of Coleman's organization. Coleman, who was by all accounts, very adept at manipulating the women in his organization, used Lemelin to discipline the women he controlled during these two months. Aside from a thirteen-year-old state district court charge, which was continued without a finding and dismissed, the record contains no indication of violence or that she is likely to assault others when she cannot earn money and curry favor with Coleman by doing so. The government has not shown by clear and convincing evidence that Lemelin poses a risk of danger to the community at large if she is released pending trial.

      To the extent there is a risk of danger to others in the event of pretrial release in this case, it is the risk of possible obstruction of justice, including possible communications with Coleman and a threat made to Roberts. There is no evidence that Coleman has attempted to communicate with Lemelin since she has been in custody and he must take into account that he increases the risk of his arrest if he seeks to communicate with the women who have been charged in this case. According to Roberts, Lemelin said to Roberts that Roberts must have been the cause of all of this and Roberts was going to get what Roberts deserved (Exh. 11). With Coleman's organization a thing of the past and Coleman a fugitive from justice, his capacity to endanger others does not appear significant. *See Simone*, 317 F. Supp. 2d at 49 (risk of obstruction of justice diminished where the organized crime organization to which the defendants alleged had connections had diminished significantly). Coleman and Lemelin apparently believed that Roberts had spoken to "the feds" by the end of October 2018 (Exh. 4). Aside from the comments in the prison van, Roberts has not reported threats or any overt attempt to interfere with her cooperation so far as the court has been made aware. The court is not persuaded that there is a "serious risk" Lemelin "will engage or attempt to engage in the conduct set forth in §

3142(f)(B) *and* that no condition or combination of conditions set forth in § 3142(c) will reasonably ensure the safety of any other person and the community." *United States v. Ploof*, 851 F.2d 7, 12 (1st Cir. 1988).

A form of conditions of release for Lemelin is attached hereto as exhibit 1.  The United States Marshal is ordered to keep Lemelin in custody until a bed in a suitable inpatient substance treatment program become available, at which time Lemelin will appear in court for a further hearing on the conditions of release.

|  |  |
|---|---|
| Dated: December 14, 2018 | /s/ Katherine A. Robertson<br>KATHERINE A. ROBERTSON<br>United States Magistrate Judge |